**NICOLETTI HORNIG & SWEENEY**
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 220-3830
Attorney: Lawrence C. Glynn (LG 6431)
NH&S File No.:     30000337LCG



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MITTAL STEEL NORTH AMERICA,

               Plaintiff,

    -against-

M/V "B EUROPA", her engines,
boilers, etc., WESTERN BULK SHIPPING ASA,
WESTERN BULK CARRIERS HOLDING ASA,
WESTERN BULK CARRIERS AS, and
B. NAVIOS NAVEGACAO LDA,

               Defendants.

------------------------------------------------------------x

JUDGE LYNCH

07 CV 10586

Case No.: 07 Civ.     (  )

**VERIFIED
COMPLAINT**

      Plaintiff, Mittal Steel North America, by its attorneys, Nicoletti Hornig & Sweeney, alleges

upon information and belief, as follows:

      1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.

2.    At and during the times hereinafter mentioned, plaintiff had and now has the legal status and principal place of business stated in Schedule "A" attached hereto and by this reference made a part hereof.

3.    At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule "A", and were and now are engaged as common carriers of merchandise by water and owned, operated, managed, chartered and controlled the above matter vessel(s) which is now, or will be within the jurisdiction of this Court during the pendency of this action.

4.    On or about the dates and at the port of shipment stated in Schedule "B" attached hereto and by this reference made a part hereof, there was delivered to the vessel and defendants in good order and condition, the shipments described in Schedule "B", which said vessel and defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule "B".

5.    Thereafter, the said vessel and defendants delivered plaintiff's shipment, however not at the port of destination described in Schedule "B" and the aforesaid shipment was short, missing and/or damaged.

6.    By reason of the premises, the above named vessel and defendants breached, failed and violated their duties and obligations as common carriers, bailees, warehousemen, and were otherwise at fault.

7.    Plaintiff was the consignee, owner, or underwriter of the shipment described in Schedules "B", and brings this action on its own behalf and as agent and trustee, on behalf of and

for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

8.    Plaintiff has duly performed all duties and obligations on its part to be performed.

9.    By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $26,956.80.

WHEREFORE, plaintiff requests:

(a)    That process in due form of law may issue against Defendant citing them to appear and answer all and singular the matters aforesaid;

(b)    That if defendants cannot be found within this district, then all their property within this District as shall be described in Schedule "A", be attached in the sum of $26,956.80, with interest thereon and costs, the sum sued for in this Complaint;

(c)    That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

(d)    That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all singular the matters aforesaid, and this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefor, and

3

      (e)     That this Court will grant to Plaintiff such other and further relief as may be just and

proper.

Dated: New York, New York
         November 26, 2007

                        Yours, etc.,

                        **NICOLETTI HORNIG & SWEENEY**
                        Attorneys for Plaintiff

                        By: _____
                        Lawrence C. Glynn (LG 6431)
                        Wall Street Plaza
                        88 Pine Street
                        New York, New York 10005
                        (212) 220-3830
                        NH&S File No.:     30000337LCG

4

## SCHEDULE A

### Plaintiff's Legal Status and Office and Place of Business:

      1.     Mittal Steel North America is a domestic with an office and place of business at 1 S. Dearborn Street, 13th Flor, Chicago, IL 60603.

### Defendants' Legal Status and Office and Place of Business:

      2.     Defendant, Western Bulk Shipping ASA, P.O. Box 78, Skoyen, Karenslyst Alle 8 b, 0212, Oslo, Norway, is a corporation or other business entity existing under and by virtue of laws of a State of the United States of America with an office and place of business at c/o Intermarine Inc., One Canal Place, 365 Canal Street, 31st Floor, New Orleans, LA 70130.

      3.     Defendant, Western Bulk Carriers Holding ASA, P.O. Box 78, Skoyen, Karenslyst Alle 8 b, 0212, Oslo, Norway, is a corporation or other business entity existing under and by virtue of laws of a State of the United States of America with an office and place of business at c/o Intermarine Inc., One Canal Place, 365 Canal Street, 31st Floor, New Orleans, LA 70130.

      4.     Defendant, Western Bulk Shipping AS, P.O. Box 78, Skoyen, Karenslyst Alle 8 b, 0212, Oslo, Norway, is a corporation or other business entity existing under and by virtue of laws of a State of the United States of America with an office and place of business at c/o Intermarine Inc., One Canal Place, 365 Canal Street, 31st Floor, New Orleans, LA 70130.

      5.     Defendant, B. Navios Navegacao Lda, is a corporation or other business entity existing under and by virtue of foreign law with an office and place of business at c/o B Navi Shipmanagement SRL, Viale Zaccagna 6, 5403 Marina di Carrara MS, Italy.

## SCHEDULE B

Vessel:                 M/V B Europa

Bill of Lading:         WBCA 1000 50898-50902

Date of Shipment:       October 11, 2006

Port of Shipment:       Constanta

Port of Discharge:      Houston

Consignee:              Mttal Steel North America

Description:            DSAW Carbon Steel Line Pipe

Nature:                 Physical Damage/Cost to Repair

Amount:                 $26,956.80

NH&S File No.:          30000337LCG

6

STATE OF NEW YORK        )
                         )  ss.:
COUNTY OF NEW YORK       )


LAWRENCE C. GLYNN, being duly sworn, deposes and says:

That he is an attorney admitted to practice before the Courts of this State and associated with the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Plaintiff herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters, he believes them to be true.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the maters set forth in the Verified Complaint in the possession of deponent.

Lawrence C. Glynn

Sworn to before me this
26ᵗʰ day of November, 2007

Notary Public

ROSEMARIE RUSSO
Notary Public, State of New York
No. 01RU4634359
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires Dec. 31, 20___ / 0

7